UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALISON FORDYCE,
    Plaintiff,

v.

MANRAJ S. BATH d/b/a Pickerington
Manor, et al.,

    Defendants.

Case No.: 2:13-cv-692
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on the Motion of Plaintiff Alison Fordyce for Default Judgment Against Defendant Montgomery Lynch & Associates, Inc. ("Montgomery Lynch") (ECF No. 29.) For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

### I.

Plaintiff filed a complaint against Montgomery Lynch and Defendant Dr. Manraj Bath on July 17, 2013. On July 18, 2013, Plaintiff also sent a copy of the complaint and a request for waiver of service to Montgomery Lynch, through its registered agent listed with the Ohio Secretary of State. (Affidavit of Troy J. Doucet, Ex. A to Pl. Request for Entry of Default, ECF No. 26-1, ¶ 4.) When the request was returned unclaimed, Plaintiff requested that the Clerk of this Court send a summons to the Ohio Secretary of State per Ohio Revised Code § 1701.07(H). (*Id.* at ¶ 7.) The Clerk's records indicate that it sent a summons to the Ohio Secretary of State on August 22, 2013. (*Id.* at ¶ 7; ECF No. 6.). The Clerk's records show that the Ohio Secretary of State received the summons on August 23, 2013. (*Id.* at ¶ 8; ECF No. 7.)

On November 13, 2013, Plaintiff filed her first amended complaint. (ECF No. 17.) Plaintiff caused the Clerk to send the first amended complaint and summons to the Ohio

Secretary of State, as agent for Montgomery Lynch on November 19, 2013. (ECF No. 20.) The Clerk's records indicate that the summons was received by the Ohio Secretary of State on November 21, 2013. (ECF No. 22.) Therefore, Montgomery Lynch was required to move or plead in response to Plaintiff's first amended complaint on or before December 12, 2013. *See* Fed. R. Civ. P. 12(a). Montgomery Lynch has failed to move or plead or to file any appearance in this matter.

On December 23, 2013, Plaintiff requested that the Clerk enter default against Montgomery Lynch. (ECF No. 26.) The Clerk granted Plaintiff's request and entered default against Montgomery on December 26, 2013.

On March 12, 2014, Plaintiff asked permission to remove from her complaint the claims against Dr. Bath (ECF No. 30), which this Court granted on March 13, 2014 (ECF No. 31). Consequently, the only claims that remain in this action are those against Montgomery Lynch, upon which the Clerk has entered default.

## II.

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgment. Once a default is entered, the defendant is considered to have admitted all of the well-pleaded allegations in the complaint. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009); *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, 2:11-CV-377, 2011 WL 5389425 (S.D. Ohio Nov. 7, 2011). Where damages are unliquidated, a default admits only defendant's liability and the amount of damages must be proved. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

## III.

A defendant must serve an answer within 21 days after being served with a summons and the complaint. Fed. R. Civ. P. 12(a)(1)(A). "As a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process." *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993) (citations omitted). When a corporation is registered with the Ohio Secretary of State, and fails to maintain a registered agent, litigants may complete service through the Ohio Secretary of State. Fed. R. Civ. P. 4(e), (h); Ohio Rev. Code § 1701.07(H); *Arch Wood Prot., Inc. v. FlamedXX, LLC*, No. 1:10-CV-282, 2012 WL 1071144, *7 (E.D. Tenn. Feb. 22, 2012) (when permitted by state statute [as in Ohio Rev. Code § 1701.07(H)] federal court permits service of process on Secretary of State for corporation that fails to maintain registered agent).

Here, Montgomery Lynch listed an agent for service with the Ohio Secretary of State but failed to maintain it. Therefore, Plaintiff could perfect service through the Ohio Secretary of State, as Montgomery Lynch's designated agent. Montgomery Lynch's agent was served with Plaintiff's first amended complaint on November 19, 2013, so it had until December 12, 2013 to respond. Montgomery Lynch failed to do so. Accordingly, Plaintiff's motion for default judgment is well taken.

Plaintiff also requests that the Court schedule a hearing to determine her damages. When considering a motion for default judgment, a court may hold hearings to conduct an accounting, determine damages, verify allegations with evidence, or investigate any matter. Fed. R. Civ. P. 55(b)(2). Thus, the Court will provide Plaintiff with the hearing she requests.

IV.

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 29.) The Clerk is **DIRECTED** to schedule a hearing on damages within the next 30 days.

**IT IS SO ORDERED.**

4-3-2014
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**